# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIRMAL SINGH,<br><br>        Petitioner,<br><br>  v.<br><br>ALBERT GONZALES, et. al.,<br><br>        Respondents. | 1:07-cv-00529-LJO-TAG HC<br><br>ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE GRANTED<br><br>ORDER DIRECTING THE CLERK TO SERVE DOCUMENTS ON RESPONDENT |

       Petitioner is detained by the United States Bureau of Immigration and Customs Enforcement ("ICE") and is proceeding with a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

       In the petition filed, Petitioner alleges that he was born in India and has been subject to a final order of removal since April 2, 2004. (Doc. 1, pp. 2-3). Petitioner also alleges that he has been in continuous ICE custody since May 18, 2006, a period of over fourteen months. (Id. at p. 3). Petitioner contends that his detention pursuant to 8 U.S.C. § 1231(a)(2) is indefinite and violates his substantive and procedural due process rights under the Due Process Clause of the Fifth Amendment of the United States Constitution. (Id. at p. 4). Petitioner also asserts that his continued detention is in violation of Respondent's statutory authority. (Id.).

       Because Petitioner may be entitled to relief if the claimed violations are proved, Respondent IS ORDERED TO SHOW CAUSE why the Petition should not be granted. Rule 4, Rules Governing Section 2254 Cases; see Rule 1(b), Rule 11, Rules Governing Section 2254 Cases; Fed. R. Civ. P. 81(a)(2). Respondent SHALL INCLUDE a copy of Petitioner's Alien File and any and all other documentation relevant to the determination of the issues raised in the petition. Rule 5 of the Rules

1  Governing Section 2254 Cases.  In the event Petitioner is released from ICE custody during the
2  pendency of this Petition, the parties SHALL notify the Court by filing a Motion to Dismiss the
3  Petition or other proper pleading.  Should the parties fail to notify the Court that Petitioner has been
4  released, the parties may be subject to sanctions pursuant to the inherent power of the Court to issue
5  sanctions in appropriate cases.  See Local Rule 11-110.

          Accordingly, IT IS HEREBY ORDERED:

    1.   Respondent is ORDERED TO SHOW CAUSE why the Petition for Writ of Habeas
         Corpus should not be granted.  The Return to the Order to Show Cause is due within
         FORTY-FIVE (45) days of the date of service of this order.  Petitioner may file a
         Traverse to the Return within TEN (10) days of the date the Return to the Order to
         Show Cause is filed with the Court.

    2.   The Clerk of the Court is DIRECTED to SERVE a copy of the Petition for Writ of
         Habeas Corpus on the United States Attorney.

     The Court has determined that this matter is suitable for decision without oral argument
pursuant to Local Rule 78-230(h).  As such, the matter will be taken under submission following the
filing of Petitioner's Traverse or the expiration of the time for filing the Traverse.  All other briefing
in this action is suspended.

IT IS SO ORDERED.

Dated:   **July 25, 2007**                                    **/s/ Theresa A. Goldner**
                                                              UNITED STATES MAGISTRATE JUDGE