IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIRMAL SINGH,<br><br>    Petitioner,<br><br>    v.<br><br>ALBERTO GONZALES, et al.,<br><br>    Respondents. | 1:07-cv-00529-LJO-TAG HC<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br>(Doc. 13)<br><br>ORDER REQUIRING OBJECTIONS TO BE FILED WITHIN FIFTEEN DAYS |

    Petitioner, at the time the petition was filed, was detained by the United States Bureau of Immigration and Customs Enforcement ("ICE") and was proceeding with a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

    Petitioner originally filed his petition on April 5, 2007. (Doc. 1). On July 26, 2007, the Court issued an Order to Show Cause why the petition should not be granted. (Doc. 9). On September 10, 2007, Respondent filed his response, indicating that Petitioner had not cooperated with the removal process and therefore the Court should conclude that his continued detention pending removal was lawful. (Doc. 11). On January 29, 2008, Respondent filed the instant motion to dismiss for lack of jurisdiction. (Doc. 13). In that motion, Respondent contends that the Court now lacks jurisdiction over the proceedings because Petitioner was removed from the United States on November 30, 2007, pursuant to a final order of removal. (Doc. 13, Exh. 1).

///

///

**DISCUSSION**

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2241(c)(3). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir.1991)(quoting Preiser v. Rodriguez, 411 U.S. 475, 485, 93 S. Ct. 1827 (1973)); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. However, the petition must "allege facts concerning the applicant's commitment or detention," 28 U.S.C. § 2242, and the Petitioner must make specific factual allegations that would entitle him to habeas corpus relief if they are true. O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.1990). If it may be conclusively determined from the face of the petition that Petitioner is not entitled to relief on the grounds alleged, then the petition must be dismissed. Rule 4 of the Rules Governing § 2254 Cases[1]; Peterson v. Wilson, 373 F.2d 737, 738 (9th Cir.1967).

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, the Court is required to make a preliminary review of each petition for writ of habeas corpus. "If it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief," the Court must dismiss the petition. Rule 4 of the Rules Governing § 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).

In the instant case, the only issue before this Court has been the lawfulness of Petitioner's ongoing detention by Respondent, and the only relief which the Court could have afforded to Petitioner in these proceedings was an order releasing him from custody, in the event that the Court determined that his continued detention by ICE was unlawful. The record now before the Court establishes that Petitioner was removed from the United States on November 30, 2007, and is no longer in custody of Respondent. (Doc. 13, Exh. 1). Thus, there is no habeas relief the Court can afford to Petitioner. Since there is no further relief that the Court can afford Petitioner, Respondent's Motion to Dismiss for Lack of Jurisdiction should be GRANTED and the Petition should be DISMISSED for failure to state a claim as it is now MOOT.

///

---

[1] The Rules Governing § 2254 Cases can be applied to petitions other than those brought under § 2254 at the Court's discretion. See, Rule 1(b) of the Rules Governing § 2254 Cases.

**RECOMMENDATIONS**

Based on the foregoing, the Court RECOMMENDS as follows:

1. Respondent's Motion to Dismiss for Lack of Jurisdiction (Doc. 13), should be GRANTED;

2. The Petition for Writ of Habeas Corpus (Doc. 1), should be DISMISSED for failure to state a claim as it is now MOOT.

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fifteen (15) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Judge's Order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 20, 2008**                             /s/ Theresa A. Goldner
                                                                       UNITED STATES MAGISTRATE JUDGE